WAJDA LAW GROUP, APC
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NICHOLS,<br><br>        Plaintiff,<br><br>v.<br><br>KIA MOTORS FINANCE,<br><br>        Defendant. | Case No. 2:20-cv-10316<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.;***<br><br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

    **NOW COMES** JAMES NICHOLS ("Plaintiff"), by and through the undersigned counsel, complaining of KIA MOTORS FINANCE. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

1

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Central District of California, maintains significant business contacts in the Central District of California, and maintains its principal place of business in the Central District of California.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an auto financing company with a principal place of business located in Dallas, Texas.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Around July 2019, Plaintiff financed a 2019 Kia Optima through Defendant ("subject debt").

7. Around March 2020, Plaintiff suffered financial hardship due to the Covid-19 pandemic and fell behind on his payments on the subject debt.

8. Immediately after falling behind on the subject debt, Plaintiff received a phone call on his cellular phone from Defendant asking for a payment on the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number, (818) XXX-7000. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. Immediately after the calls began, Plaintiff answered a phone call and asked Defendant to stop calling him.

11. Failing to acquiesce to Plaintiff's demand that it stop contacting him, Defendant continued to call Plaintiff's cellular telephone attempting to collect the subject debt.

12. In early October 2019, Plaintiff answered another call from Defendant and asked that they stop calling him on his cellular phone.

13. Plaintiff has requested that Defendant cease calling him on multiple occasions.

14. Despite being on notice that communications to Plaintiff's cellular telephone are not welcomed, Defendant continues to call Plaintiff.

15. Notwithstanding Plaintiff's request that Defendant cease calling his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls and numerous text messages to Plaintiff's cellular phone between April 2020 and the present day.

16. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

18. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

19. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendants continued their phone harassment campaign.

20. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the debt collection industry to collect defaulted debts.

### DAMAGES

22. Defendant's wanton and malicious conduct have severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an

4

automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between April 2020 and the present day, using an ATDS without his prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's multiple revocations.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Each Defendant, through their agents, representatives, subsidiaries, vendors, independent contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JAMES NICHOLS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's calls and text messages to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per call and text message, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.11(d)**

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

43. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was done with the purpose of annoying Plaintiff into paying the subject debt.

6

44. Defendant disregarded these requests, and continued to call Plaintiff with the goal of annoying Plaintiff into paying the subject debt.

### b. Violations of RFDCPA § 1788.11(e)

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances."

46. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's pleas with the intent of harassing him.

47. Furthermore, Defendant relentlessly contacted Plaintiff multiple times per day on numerous occasions. Placing such voluminous calls on the same day in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

48. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff JAMES NICHOLS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Date: November 11, 2020

Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Suite 400
San Diego, California 92108
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*